#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY A. SOMRAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 17-2480-CM-GEB |
| | ) |
| KROGER CO., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend the Pleadings (**ECF No. 20**). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.   Background[1]**

Plaintiff Mary Somrak filed this personal injury action after falling in a Dillons grocery store in Salina, Kansas in September 2015. As Plaintiff was leaving the self-checkout to exit the store, she slipped in a puddle of clear liquid, causing her to fall and a jar she was holding to break. She fell, coming down on the broken glass, producing significant injuries to her hand.

Plaintiff filed her negligence case against Kroger Co. claiming diversity jurisdiction, because she is a resident of Kansas and Kroger Co. is an Ohio corporation, conducting business in Kansas as Dillons Stores. Defendant sought dismissal, arguing

---

[1] Unless otherwise noted, the information recited in this section is taken from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 20, 21, 28, 29), from Plaintiff's proposed First Amended Complaint, ECF No. 21-1), and from the Complaint (ECF No. 1) and Answer (ECF No. 7). This background information should not be construed as judicial findings or factual determinations.

the proper defendant is Dillon Companies, Inc. ("Dillon"), but if Dillon were to be added to the case, diversity jurisdiction would no longer exist. (*See* Motion to Dismiss, ECF No. 5.) District Judge Carlos Murguia denied the motion to dismiss, finding the federal court currently has subject matter jurisdiction over the case as pleaded:

> The court acknowledges that defendant believes it should be dismissed because Dillon is the proper party, and should it be joined, the court would no longer have diversity jurisdiction over the case. Dillon, however, is not currently a party and the court will not hypothesize as to the status of the case should Dillon be joined.

(Memorandum and Order, ECF No. 11.)

The case has progressed with scheduling and the parties are apparently engaged in discovery, which is set to conclude by June 1, 2018. (Scheduling Order, ECF No. 15.) Plaintiff timely filed her Motion to Amend the Pleadings (ECF No. 20) on the February 28, 2018 deadline established in the Scheduling Order, seeking to add a claim for punitive damages. Defendant opposes the amendment. All related briefing is complete, and the issue of amendment is ripe for decision.

## II.     Motion to Amend (ECF No. 20)

### A.     Legal Standard for Amendment

The standard for permitting a party to amend his or her complaint is well established. A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[2] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[3] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[4] The Tenth Circuit acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[5] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[6] With these standards in mind, this Court evaluates Plaintiff's motion.

### B.   Discussion

Plaintiff seeks to amend her Complaint to add a claim for punitive damages. Her amendment includes seven paragraphs, adding facts to support her punitive damages claim. She contends Defendant knew the water was leading out the door and knew the

---

[2] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).
[4] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[5] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).
[6] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

water hazard was created by another customer. (Proposed Amended Complaint, ECF No. 21-1 at ¶¶ 16, 17.) Plaintiff claims Defendant produced video from 9:45 a.m. to 11:45 a.m. and of the accident itself, which happened at 12:45 p.m.—including the presence of Defendant's employee, Brenda Willey, in the self-check area. But Defendant has no video from 11:45 to 12:45, which should show the creation of the water hazard. (*Id.* at ¶¶18, 21.) Plaintiff alleges the store documents show Ms. Willey was the last person to inspect the area at 11:00 a.m., prior to the accident at 12:45 p.m., but there was no record of inspection at noon. (*Id.* at ¶ 20.) Plaintiff asserts these facts support her theory that Defendant, and/or its employee, Ms. Willey, had prior knowledge of the water spill and, although Ms. Willey was present in the checkout area, Defendant failed to either clean up the water, or warn Plaintiff of the danger prior to her fall. (*Id.* at ¶ 22.)

Plaintiff contends she came to recognize the potential prior knowledge of the spill after reviewing Defendant's initial disclosures, which included Defendant's Supplemental Floor Inspection and claim logs which note the water hazard was created by another customer. (ECF No. 21, Ex. A.) She believes the information indicates Defendant knew about the water on the floor, but allowed it to remain there. Although Defendant's employee, Ms. Willey, was assigned to the self-checkout area prior to the accident, no one warned Plaintiff of the water hazard. Plaintiff contends this constitutes willful and wanton action by Defendant, sufficient to support a claim for punitive damages, and she should be permitted the opportunity to prove her theory. (ECF No. 21 at 2-3.)

Defendant argues Plaintiff misconstrues the information on the claim logs, and the summary included on the logs does not constitute any admission by Dillon employees of knowledge of the water on the floor before Plaintiff's fall.  Defendant claims it has provided all video maintained from the date of the accident, but in the event additional video is recovered, Defendant will supplement its production. (ECF No. 29.)  Although Ms. Willey has apparently not yet been deposed, Defendant claims it anticipates "Ms. Willey will testify that she routinely checks the area for any potential hazards and takes appropriate steps to remedy and/or warn customers if she detects their presence and those inspections are not recorded. Further, it is anticipated that Ms. Willey was unaware of any hazards on the floor." (ECF No. 29 at 2.)

Of the factors analyzed by the Court when considering amendment, Defendant opposes Plaintiff's amendment solely based on the alleged futility of Plaintiff's proposed punitive damages claim.  Each factor to be weighed when considering amendment is addressed in turn.

   1.   **Futility**

As the party opposing amendment, Defendant bears the burden of establishing its futility.[7]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[8]  The proposed pleading is then analyzed using the same standard

---

[7] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).
[8] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175

as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[9] Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[10] should the court find the amendment futile.

Because this is a diversity action, under the *Erie* doctrine, this federal Court must apply the substantive law of the forum state, but its own federal procedural law.[11] Defendant cites to Kansas law in its responsive briefing, and Plaintiff filed no reply arguing otherwise; so, the Court presumes Kansas law is applicable to its review of the punitive damages claim.

Defendant argues the Court must consider Kansas Statutes Annotated § 60-3701 to determine whether Plaintiff's punitive damages claim is futile. This statute provides, "in the initial phase of trial,"[12] a plaintiff is required to establish by "clear and convincing evidence" that the defendant's actions were willful, wanton, fraudulent or with malice.[13] Additionally, in this case, Plaintiff must also show the conduct of Defendant's employee

---

F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).

[9] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[10] *Id.* (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[11] *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC-KGS, 2017 WL 2442851, at *3 (D. Kan. June 6, 2017) (citing *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (internal quotation and citations omitted)).

[12] K.S.A. § 60-3701(c); *see also* § 60-3702(c).

[13] K.S.A. § 60-3701(d)(1).

was "authorized or ratified by a person expressly empowered to do so" by Dillon.[14] Defendant reasons, given the "clear and convincing" standard of proof required at trial and the insufficiency of the allegations in the proposed amendment, the amendment should be denied. (ECF No. 29 at 3.) Plaintiff failed to respond to these arguments by Defendant, so the Court is left to consider the authorities supplied by Defendant and gleaned through its own research.

The initial question for this Court is whether the standard for amendment to include punitive damages, or the inclusion of a punitive damages claim at initial pleading, is considered a *substitutive* issue, to be determined by Kansas law, or a *procedural* one, to be determined by federal rules. Defendant relies on a 2007 opinion from this District in *Emmons v. Cessna Aircraft Co.*[15] to reason that Plaintiff's proposed punitive damages claim must meet the standard of proof under Kansas law to be permitted. Defendant argues Plaintiff's proposed allegations are not supported by current evidence, and contends the amendment is futile, "given the standard of proof *required at trial* to successfully establish a basis for punitive damages and the insufficiency of the allegations in the proposed amended Complaint." (ECF No. 29 at 2, emphasis added.)

---

[14] Def.'s Mem., ECF No. 29, at 2 (citing K.S.A. §§ 3701 (c), (d)(1)).
[15] *See In Re Cessna 208 Series Aircraft Prod. Liab. Litig.*, No. 05-MD-1721-KHV-DJW, 2007 WL 2172764, at *1, *8 (D. Kan. July 25, 2007) (reconsidering the April 3, 2007 Order Granting Plaintiffs' Motions to Amend to Add Claims for Punitive Damages; vacating the earlier order after applying Idaho law to find Plaintiffs "failed to establish 'a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages' as required by Idaho Code § 6–1604(2)").

Defendant also cites a 1995 Kansas Supreme Court case, *Fusaro v. First Family Mortgage Corp.*,[16] addressing K.S.A. § 60-3703.  Relying on *Fusaro*, Defendant maintains Kansas law requires Plaintiff to establish a *probability* she will prevail on her punitive damages claim at trial before the Court should permit her amendment to include a punitive damages claim. (ECF No. 29 at 3, emphasis added.)[17]

However, this Court finds Defendant's reliance on both *Emmons* and *Fusaro* misplaced.  More recently than *Emmons*, a 2015 opinion from this District in *Walker v. Axalta Coating Sys., LLC*,[18] analyzed the applicable standards applied to a proposed amendment to add punitive damages.  In *Walker*, the court discussed both the Kansas statutes and *Fusaro*:

> The parties agree that Kansas *substantive* law applies to this case. However, the pleading standard discussed by [the defendant opposing amendment] and outlined in *Fusaro v. First Family Mtg. Corp.* . . . relates to the *procedure* in Kansas state courts for including a claim for punitive damages. Pursuant to K.S.A. § 60–3703, a claim for punitive damages is prohibited from being pled in the initial state-court petition and may only be allowed by ruling of the court, upon a proper motion, that "there is a probability that the plaintiff will prevail on the claim . . ." *This statute does not apply in federal court*, as a claim for punitive damages may be included in a plaintiff's initial pleading.[19]

An earlier opinion from this district, *Ayres v. AG Processing Inc.*, also notes the appropriate standard:

---

[16] *Fusaro v. First Family Mortgage Corp.*, 257 Kan. 794 (1995).
[17] Def.'s Mem., ECF No. 29 (citing *Fusaro*, 257 Kan. at 801; also citing K.S.A. § 60-3703).
[18] *Walker v. Axalta Coating Sys., LLC*, No. 14-2105-JAR, 2015 WL 685834, at *2 (D. Kan. Feb. 18, 2015).
[19] *Id.* at *2 n. 10 (emphasis in original) (citing *Lawrence v. Gaarder,* No. 13–2102, 2014 WL 5341917, at *1 n. 1 (D. Kan. Oct. 21, 2014; *Vance ex rel. Wood v. Midwest Coast Transp., Inc.,* 314 F. Supp. 2d 1089, 1090 (D. Kan. 2004) (internal quotes and citations omitted).

> K.S.A. 60–3702(c) states that where punitive damages are claimed the plaintiff has the "burden of proving, by clear and convincing evidence in the *initial phase of the trial*, that the defendant acted with willful or wanton conduct, fraud or malice." This language merely establishes a burden of proof for punitive damages *in the initial phase of the trial*. It *does not place restrictions* on whether a party may *make* a claim for punitive damages.[20]

In *Ayres*, the court found the proposed claim for punitive damages "would overcome a Rule 12(b)(6) motion because Plaintiffs would be entitled to punitive damages if they [later] proved willful or wanton conduct."[21] And, importantly, "if findings of fact are required, the claim cannot be dismissed under Rule 12(b)(6) and is not futile."[22]

Concluding federal procedural law controls, the Court finds Plaintiff is not required to meet the "clear and convincing" standard for punitive damages, nor submit concrete evidence to support her claim, at this phase of the case. Rather, she must simply state enough facts to make her punitive damages claim plausible on its face. Although the Court understands Defendant's concern about the sparsity of Plaintiff's allegations, at this stage, the Court must construe the facts in the light most favorable to Plaintiff.[23] When doing so, the information shows Ms. Willey did not log a floor inspection for nearly two hours prior to the accident. Also, Defendant has been unable to produce a

---

[20] *Ayres v. AG Processing Inc.*, No. 04-2060-DJW, 2005 WL 1799261, at *3 (D. Kan. July 22, 2005) (citing K.S.A. § 60–3702(c)) (some emphasis in original; some emphasis added).
[21] *Id.* at *3.
[22] *Id.* at *4.
[23] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

video showing the creation of the hazard, and the parties disagree regarding how much of the accident is reflected on video produced to date.[24]

Although nothing more than Plaintiff's allegations indicate Defendant or its employee knew of the hazard prior to Plaintiff's accident—allegations are all that is required. Defendant admits Ms. Willey's testimony is currently unknown, so the Court presumes she has yet to be deposed. (ECF No. 29, at 2.) Defendant acknowledges the proposed amendment contains allegations, but argues the allegations are unsupported by evidence. (*Id*. at 3.) So, Defendant essentially asks the Court to make a factual finding that the documentary evidence, as interpreted by Plaintiff, does not mean what Plaintiff suggests it means. But if the Court is required to make such a factual finding, dismissal under Fed. R. Civ. P. 12(b)(6), and a finding of futility under Rule 15, is inappropriate.[25]

Construing the facts contained in her proposed amendment in the light most favorable to Plaintiff, and knowing the parties will clarify the evidence through discovery, the Court can neither find her punitive damage claim is clearly frivolous, nor that it would otherwise fail as a matter of law. Exercising its discretion, and recognizing Defendant will have an opportunity to challenge the sufficiency of the new claims through a later dispositive motion,[26] the Court will not deny Plaintiff's proposed

---

[24] Plaintiff says video exists showing both Plaintiff and Ms. Willey at the time of the accident (ECF No. 21 at 2 ¶ 8), while Defendant says, "It appears that the time of the accident was not captured" and it will supplement with any additional video discovered (ECF No. 29 at 1).
[25] *Ayres*, 2005 WL 1799261, at *4.
[26] *See, e.g., Carefusion 213*, 2010 WL 4004874, at *6 (finding "Defendants' arguments are better suited for resolution on a motion for summary judgment"); *see also Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, 12-1008-JTM-GLR, 2012 WL 2872226, at *2 (D. Kan. July 12, 2012) (citing *Tommey v. Computer Sciences Corp.,* No. 11–2214–EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012). *See also Hollis v. Acoustic Sounds, Inc.*, No. 13-1083-JWL, 2013 WL

amendment on the basis of futility. Permitting the filing of the proposed amendment "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)"[27] where Defendant may later challenge the claim,[28] and particularly in light of the lack of prejudice to Defendant discussed below.

### 2. Other Factors

Although the parties confront only the issue of futility in their briefs, the other factors weighed by the Court, such as prejudice to the non-moving party and timeliness of amendment, were not addressed. Despite the parties' lack of attention, the Court briefly considers each topic.

Most importantly, Defendant fails to present any argument regarding the prejudice it might face if the amendment were permitted. As the party opposing the amendment, Defendant bears the burden to demonstrate undue prejudice within the meaning of Rule 15.[29] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the

---

4768076, at *2 (D. Kan. Sept. 4, 2013) (permitting amendment to add a prayer for punitive damages, and noting, "To be clear, the undersigned is *not* ruling that these amendments will survive a later challenge under Rule 12(b)(6) or Rule 56. Rather, the undersigned is allowing the amendment. A comprehensive legal analysis and decision is deferred until a subsequent dispositive motion.")

[27] *Quality Time, Inc.*, 2012 WL 2872226, at *2.
[28] *See, e.g., Walker*, 2015 WL 685834, at *3 (finding the issue of punitive damages more appropriately addressed at a later stage in the case by the presiding U.S. District Judge).
[29] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).

movant."[30]  While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendant."[31]

Given Defendant's complete disregard of this "most important factor,"[32] the Court finds Defendant wholly failed to demonstrate prejudice sufficient to prohibit the proposed amendment.  And, considering the current procedural posture of the litigation, the Court struggles to discern any true injustice which might occur from amendment.  The facts supporting the new claims arise from the same occurrences as Plaintiff's original claim, and much of the discovery will overlap with that sought on the original claim.  Apparently, Ms. Willey—a key witness—has not yet been deposed.  Discovery is ongoing, and will not end for nearly two months.  Therefore, the parties will have adequate time to conduct any additional discovery and Defendant will have sufficient opportunity to fully defend the new claim.

Additionally, the Court does not find the timeliness of the amendment to be problematic.  The Scheduling Order is young, and Plaintiff sought amendment within the initial deadline established.  Defendant makes no argument suggesting delay on Plaintiff's part.  As noted in the paragraph above, the current procedural posture of the case weighs in Plaintiff's favor.

---

[30] *Id*. (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[31] *Id*. (citing *Sturdevant*, 2008 WL 4198598, at *3; other internal citations omitted).
[32] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

### C. Conclusion

Plaintiff's request to amend its Complaint is timely. Additionally, Defendants failed to demonstrate any amount of prejudice that may occur as a result of the amendment. Therefore, finding Plaintiff's proposed amendment not clearly futile, and would cause no undue prejudice, the Court prefers this case to proceed on its full merits.[33] In the interests of justice, the Court will allow Plaintiff to amend her Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend the Pleadings (**ECF. 20**) is **GRANTED** as set forth above. Plaintiff shall file her First Amended Complaint on or before **April 24, 2018**. Plaintiff is strongly cautioned future amendments, although not outright prohibited, will be met with considerable scrutiny[34] given the previous opportunities to articulate her claims.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 10th day of April, 2018.

       s/ Gwynne E. Birzer
       GWYNNE E. BIRZER
       United States Magistrate Judge

---

[33] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).
[34] *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir.1993); *Foman,* 371 U.S. at 182) (noting "failure to cure deficiencies by amendments previously allowed" is one reason the court may use to deny leave to amend).