# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY A. SOMRAK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KROGER CO., )<br>)<br>Defendant. )<br>_____) | Case No. 17-2480-CM-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery (**ECF No. 38**) and Plaintiff's unopposed Motion to Amend Scheduling Order (**ECF No. 41**). On June 20, 2018, the Court convened a conference to address both pending motions. Plaintiff appeared through counsel, Phillip Turner. Defendant appeared through counsel, Thomas Dower. After review of the parties' briefing and hearing the arguments of counsel, both motions were **GRANTED** as fully explained below.

### I.   Background

The background of this case was fully explored in an earlier order (Memorandum and Order, ECF No. 33), and will not be repeated here. Essentially, Plaintiff Mary Somrak filed this personal injury action after falling and incurring injuries in a Dillons grocery store in Salina, Kansas in September 2015. The case has progressed with scheduling and the parties are engaged in discovery, which was set to conclude by June 1, 2018. (Scheduling Order, ECF No. 15.) However, after Plaintiff filed the instant

motions, the Court converted the scheduled pretrial conference to a status conference to discuss the pending motions.

## II.     Motion to Compel (ECF No. 38)

Plaintiff's motion outlines a dispute regarding requests for production originally propounded to Defendant on March 30, 2018.  Defendant failed to respond within the 30-day period required by Fed. R. Civ. P. 34(b)(2)(A).  After discussion between counsel, Defendant filed some responses to the requests on May 7, 2018, including an objection to Request No. 5 but with no accompanying documents.  As of the date of the status conference, Request No. 5 remained the only disputed request.  That request, and Defendant's response, read as follows:

> **RFP # 5**. All documents which contain the name "Kroger", in any form, which pertain to the operation, maintenance, safety procedures, or accident reporting procedures at the Dillon's store at 1201 West Crawford in the Sunset Plaza, located in Salina, Kansas for the year 2015.
>
> **RESPONSE**: Objection. This request is overly broad and burdensome. Without waiving the objection see previously produced Incident Report and Supplemental Floor Inspection Statement.

Defendant argues the request is overly broad and burdensome, while Plaintiff contends Defendant waived any objections due to its untimely response.

After the parties conferred as required by D. Kan. Rule 37.2 and Fed. R. Civ. P. 37 (a)(1), Plaintiff timely filed her motion to compel and memorandum in support (ECF Nos. 38, 39) on May 25, 2018, making Defendant's response to the motion due June 8, 2018.  However, Defendant did not respond until June 15, and offered no basis for the

untimely response. Under D. Kan. Rule 7.4, because Defendant failed to show excusable neglect, Plaintiff's motion may be decided as uncontested.

Even if the Court were to disregard Defendant's failure to excuse its untimely response to the motion, Defendant's objections to the discovery requests also fail. First, Defendant cites a 1995 District of Kansas case[1] to argue its untimely objections are not waived because the "automatic waiver" applies only to responses to interrogatories under Fed. R. Civ. P. 33, and not to responses to request for production under Rule 34. However, more recent cases make it clear that courts in this District have determined the same standard of waiver applies to requests for production.[2]

Second, Defendant fails to support its objection that the request is burdensome. Under the 2015 amendments to Fed. R. Civ. P. 26(b)(2) and District case law, Defendant is required to justify its objection by "demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[3] This showing is necessary for the Court to determine whether the burden or expense of the proposed discovery outweighs its likely benefit, and Defendant could make this showing through affidavit or by otherwise explaining in detail the "nature and extent of the claimed burden or

---

[1] *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995).
[2] *See Robinson v. City of Arkansas City, Kan*., No. 10-1431-JAR-GLR, 2012 WL 603576, at *5 (D. Kan. Feb. 24, 2012) (citing *Starlight Int'l, Inc., v. Herlihy*, 181 F.R.D. 494 (D. Kan. 1998) ("Untimely objections to production requests are waived.")). *See Starlight Int'l*, 181 F.R.D. at 496 (noting, "Fed. R. Civ. P. 33(b)(4) provides that untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.' The same standard applies to requests for production under Fed. R. Civ. P. 34.")
[3] *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV, 2018 WL 3055869, at *2-*3 (D. Kan. June 20, 2018) (citing Fed. R. Civ. P. 26(b); *Horizon Holdings Inc. v. Genmar Holdings, Inc*., 209 F.R.D. 208, 213 (D. Kan. 2002)).

expense."[4] Again, Defendant made no showing at all, but merely stated its objection and referred Plaintiff to a previously-produced incident report. And, even if its objection were valid, Defendant "still has a duty to respond to the extent the request is not objectionable."[5]

Despite the waiver of its objections and the untimeliness of its response to the motion, the Court notes Defendant's overbreadth objection does have some merit. Plaintiff's RFP No. 5 appears overly broad on its face, because the request, in part, seeks all documents containing the name "Kroger" which relate to the operation of the store. However, through discussion during the conference, Plaintiff explained she seeks those documents pertaining to management of the store and maintenance, safety procedures, or accident reporting procedures at the specific Dillons location. Despite that Defendant waived his objection by both untimely objecting and by failing to timely respond to the motion to compel, the Court expects the parties to continue to confer to narrow those documents sought to those truly responsive to the discovery request, and those which are truly necessary and proportional to the parties' claims and defenses.

For the reasons discussed above, Plaintiff's Motion to Compel (**ECF No. 38**) is **GRANTED**, and Defendant is ordered to respond to Plaintiff's Request No. 5. Although Fed. R. Civ. P. 37(a)(5)(A) requires the Court to assess fees against the party or attorney whose conduct necessitated the motion, at Plaintiff's request, and after hearing the arguments of the parties at the conference, the Court will hold any assessment of fees

---

[4] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003).
[5] *Id.* at 539.

4

in abeyance pending Defendant's production of documents over the next 30 days. If the parties continue to disagree regarding this discovery dispute, the parties are encouraged to first confer regarding any dispute, and to contact the undersigned to engage in a telephone conference prior to filing any additional discovery motions.

### III.  Motion to Amend Scheduling Order (ECF No. 41)

Plaintiff's motion to amend the scheduling order is unopposed. The parties seek to extend the discovery deadline to accommodate both the pending discovery dispute and the deposition of the Dillons store manager which the parties have been unable to successfully coordinate, to date. Due to the extension of the discovery deadline, the pretrial conference and trial deadlines must also be modified.

After discussion with the parties during the conference, Plaintiff's unopposed Motion is **GRANTED** and the Court establishes the following revised deadlines:

| Event | Deadline/Setting |
|---|---|
| All discovery completed | 9/21/18 |
| All potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | 10/19/18 |
| Proposed pretrial order due | 9/28/18 |
| Pretrial conference | 10/12/18 at 10:00 a.m. |
| Jury Trial in Kansas City; ETT 3 days | 6/3/19 at 9:00 a.m. |

The pretrial conference set for **October 12, 2018 at 10:00 a.m**. will be conducted by dial-in telephone conference unless the judge determines that the proposed pretrial order

is not in the appropriate format or that there are some problems requiring counsel to appear in person.  Counsel and any pro se parties must dial **888-363-4749** and enter Access Code **9686294** to join the conference.  Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.

No later than **September 28, 2018**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to [ksd_birzer_chambers@ksd.uscourts.gov](mailto:ksd_birzer_chambers@ksd.uscourts.gov).  The proposed pretrial order must not be filed with the Clerk's Office.  It must be in the form available on the Court's website: [http://ksd.uscourts.gov/index.php/forms/?open=CivilForms](http://ksd.uscourts.gov/index.php/forms/?open=CivilForms).  The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *[Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases](#)*.

The parties expect the jury trial of this case to take approximately three (3) trial days.  This case will be tried in Kansas City, Kansas.  This case is set for trial on the Court's docket beginning on **June 3, 2019 at 9:00 a.m**.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.  The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 26th day of June, 2018.

                                               s/ Gwynne E. Birzer
                                              GWYNNE E. BIRZER
                                              United States Magistrate Judge